**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JACOB LAWLER,

Plaintiff,

v.

VIAPORT NEW YORK, LLC; TERRI EMOND,

Defendants.

1:19-CV-548
(GLS/CFH)

**APPEARANCES:**

Jacob Lawler
2723 Wellington Avenue
Schenectady, New York 12306
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION & ORDER

Plaintiff pro se Jacob Lawer commenced this action on May 8, 2019, with the

filing of a complaint and an application to proceed in forma pauperis ("IFP). Dkt. No. 1

("Compl."), Dkt. Nos. 2-4. Plaintiff has also filed a motion for appointment of counsel.

Dkt. No. 3. After reviewing plaintiff's application, the undersigned concludes that

plaintiff may properly proceed IFP for purposes of filing. The undersigned must now

assess plaintiff's complaint pursuant to 28 U.S.C. § 1915(e).

### I. Initial Review

### A. Legal Standard

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief."  See FED. R. CIV. P. 8 (a)(2).  "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct."  Id. at 8(d).

Further, Rule 10 of the Federal Rules provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

In deciding whether a complaint states a colorable claim, a court must extend a measure of deference to pro se litigants, Nance v. Kelly, 912 F.2d 605, 606 (2d Cir.1990) (per curiam), also referred to as "special solicitude." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). However, the court also has an obligation to determine that a claim is not legally frivolous before permitting a pro se plaintiff's complaint to proceed. See, e.g., Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases

3

in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted). In such cases of dismissal, particularly when reviewing a pro se complaint, the court generally affords the plaintiff an opportunity amend the complaint as long as there is a possibility that an amendment would be able to cure the identified defects. See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

## B. Allegations in Complaint

Although plaintiff does not identify the statute under which his claims arise, it appears that plaintiff seeks to bring this action pursuant to 42 U.S.C. § 1983, as he completed his complaint on the form civil rights complaint. Dkt No. 1 ("Compl."). Plaintiff's complaint is very sparse and lacking in detail. Id. He contends that on February 8, 2018, he called OSHA "due to fire hazards." Id. at 2. He was terminated on February 15, 2018, "for something that had nothing to do with me that supposidly [sic] happened February 1 2018 into February 2nd 2018." Id. For his causes of action, plaintiff provides that he wishes "to negotiate/mediate with the defendant," "continue the lawsuit with defendant," "[p]ut on the news/in newspapers and make the lawsuit public,"

4

and "[a] settlement so that I am able to fix my credit and to show them that what they did was wrong/hope they learn from their mistake."  Id. at 3.  No other information is provided; however, plaintiff does attach a right to sue letter from the U.S. Equal Employment Opportunity Commission dated February 21, 2019.  Compl. at 5.

First, although plaintiff does not cite the First Amendment, he arguably may be attempting to set forth a First Amendment claim against defendants for retaliating against him for exercising his First Amendment free speech rights.  See generally Compl. However, to the extent plaintiff seeks to do as such, his claim must fail as none of the defendants have acted under the color of state law as plaintiff utterly fails to show that defendants ViaPort New York, LLC and Terri Emond are state actors.  ViaPort New York, LLC is not a public entity; thus, plaintiff would not be a public employee.  Although plaintiff does not identify Terri Emond, the Court can assume based on the context of the information provided that she was a supervisory or management employee with ViaPort New York, LLC.  The complaint makes no allegation whatsoever that Terri Emmond acted under color of state law.  Accordingly, insofar as plaintiff's complaint may be interpreted as attempting to set forth a First Amendment retaliation claim, it is recommended that this claim be dismissed with prejudice for failure to state a claim upon which relief can be granted.

Second, plaintiff is likely attempting to proceed under the New York State whistleblower statute.

> New York State's Whistleblower Statute prohibits an
> employer from "tak[ing] any retaliatory personnel action
> against an employee . . . [who] discloses ... an activity, policy
> or practice of the employer that is in violation of law, rule or

5

regulation which violation creates and presents a substantial and specific danger to the public health or safety." N.Y. LAB. LAW § 740(2)(a); see also Calabro v. Nassau Univ. Med. Ctr., 424 F.Supp.2d 465, 475 (E.D.N.Y.2006). The Whistleblower Statute, however, "does not extend its protections to those who complain of any unlawful conduct by the employer." Collette v. St. Luke's Roosevelt Hosp., 132 F.Supp.2d 256, 268 (S.D.N.Y.2001); see, e.g., Remba v. Fed'n Emp't & Guidance Serv., 76 N.Y.2d 801, 802-03 (N.Y.1990) (holding that § 740 does not protect an employee who reports fraudulent billing). Here, because the conduct complained of by Burnett, namely misusing the company gas credit card, could in no imaginable way create or present a "substantial and specific danger to the public health or safety," the court dismisses any claim brought pursuant to § 740.

Burnett v. Trinity Inst. Homer Perkins Ctr., Inc., No. 1:10-CV-681 (GLS/DRH), 2011 WL 281023, at *4 (N.D.N.Y. Jan. 25, 2011).[1] However, the New York State Whistleblower Statute is not a federal law, but state law. Thus, it cannot be reviewed in federal court, absent either diversity jurisdiction or if this Court chooses to review it pursuant to its supplemental jurisdiction.

To properly allege diversity jurisdiction, plaintiff must allege (1) diversity of citizenship between the parties, and (2) an amount in controversy that exceeds $75,000. See 28 U.S.C. § 1332(a). Here, plaintiff cannot establish diversity jurisdiction because plaintiff and defendants are all citizens of the same state, New York. See Compl. Although plaintiff, in his civil cover sheet, seeks damages greater than $75,000, dkt. no. 1-1, because plaintiff cannot establish that he and all defendants are citizens of different states, plaintiff has failed to establish, and cannot establish, the existence of

---

[1] Unpublished cases cited herein have been provided to plaintiff pro se.

6

diversity jurisdiction.

In addition, plaintiff has also failed to establish federal question jurisdiction as he has not set forth a valid federal law claim. 28 U.S.C. § 1331 confers onto federal courts subject matter jurisdiction over all federal questions, or "all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction exists where the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law." Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). Although, generally, this Court has the discretion to exercise its supplemental jurisdiction to review state law claims in some cases, Block v. First Blood Assocs., 988 F.2d 344, 351 (2d Cir. 1993), where there is no meritorious federal claim before the Court, the district court should decline to exercise its supplemental jurisdiction to review any related state law claims. See, e.g., Purgess v. Sharrock, 33 F.3d 134 (2d Cir. 1994); 28 U.S.C. § 1367(c). Accordingly, it is recommended that plaintiff's retaliation claim pursuant to New York State whistleblower law be dismissed with prejudice, but without prejudice to replead in the appropriate state court, should he wish to do so.[2]

Generally, in cases involving pro se plaintiffs, a court should not dismiss a complaint without granting leave to amend "at least once" "when a liberal reading of the complaint gives any indication that a valid claim might be stated." Branum v. Clark, 927

---

[2] The undersigned makes no comment as to the success of claim, or the ability to bring such claim, in state Court.

F.2d 698, 704-05 (2d Cir. 1991). However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); see also Cortec Indus. Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Although the undersigned recognizes that dismissal with prejudice is a harsh remedy, leave to amend would be futile as the defects in plaintiff's claims cannot be cured with a better pleading as the problems are substantive. Cuoco, 222 F.3d at 112; Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993). Accordingly, it is recommended that dismissal be with prejudice and without opportunity to amend.

## II. Motion for Counsel

Plaintiff requests the appointment of counsel in this case. Dkt. No. 3. He indicates that he has contacted two law firms and that he is unable to retain counsel because he cannot afford the fees. Id. As the undersigned recommends dismissal of plaintiff's complaint without leave to amend, plaintiff's motion for counsel is denied. However, the denial is without prejudice to replead should the circumstances change.

## III. Conclusion

**WHEREFOR**E, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's motion to proceed in forma pauperis, dkt. no. 2, is

**GRANTED** for the purposes of filing; and it is furher

ORDERED, that plaintiff's motion for the appointment of counsel, dkt. no. 3, is **DENIED without prejudice** and with leave to renew should his circumstances change; and it is

RECOMMENDED, that plaintiff's complaint, dkt. no. 1, be **DISMISSED with prejudice and without leave to amend**, but **without prejudice to plaintiff seeking to bring his claim in the appropriate state court**, should he wish to do so; and is

ORDERED, that the Clerk of the Court serve this Report-Recommendation & Order on plaintiff in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED R. CIV. P. 6(a), 6(e), 72.[3]

Dated: June 28, 2019
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[3] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(C).