**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JACOB LAWLER,**

                **Plaintiff,**

                v.

**VIAPORT NEW YORK, LLC et al.,**

                **Defendants.**
_____

**1:19-CV-548
(GLS/CFH)**

## ORDER

On June 28, 2019, Magistrate Judge Christian F. Hummel issued a Report-Recommendation & Order (R&R), which granted plaintiff *pro se* Jacob Lawler's application to proceed *in forma pauperis* and recommended that his complaint, (Compl., Dkt. No. 1), be dismissed in its entirety with prejudice and without leave to amend, but without prejudice to bring his claim in the appropriate state court. (Dkt. No. 5 at 8-9.) Judge Hummel also recommended that Lawler's motion for the appointment of counsel be denied without prejudice. (*Id.* at 9.) Pending are Lawler's objections to the R&R. (Dkt. No. 6.) For the reasons that follow, the R&R is adopted in its entirety.

First, Lawler's objections are untimely. When a report and

recommendation is filed, the parties have fourteen (14) days from receipt of the report to file specific, written objections to proposed findings and recommendations. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2); N.D.N.Y. L.R. 72.1(c). Three (3) additional days are added to the fourteen-day period when the plaintiff is served with the report by mail. See Fed. R. Civ. P. 6(d). Lawler's objections were due on or before July 15, 2019, and he did not object until July 17, 2019, (Dkt. No. 6), making his objections untimely. Nevertheless, in light of Lawler's *pro se* status, the court has considered his untimely objections for clear error. See *Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at *5-6 (N.D.N.Y. Jan. 18, 2006).

Additionally, although Lawler asserts that he "object[s] to the R&R," (Dkt. No. 6 at 1), he does not actually raise any specific objections with the R&R's legal analysis. Instead, he asks for "an ap[p]eal to bring [his] claim . . . to a [New York state court]," and provides additional information regarding the facts giving rise to his complaint. (*Id.* at 1-3.) Thus, even if Lawler's "objections" were timely, they still trigger review for clear error only. See *Almonte*, 2006 WL 149049, at *5-6. The court, having carefully reviewed the record, finds no clear error in the R&R and adopts it in its

entirety.

Without commenting on whether Lawler's claims have merit, or whether he has the ability to bring such claims in state court, it is noted that according to 42 U.S.C. § 1367(d), the period of limitations for Lawler's claims shall be tolled for a period of thirty (30) days after the filing of this Order, unless New York law provides for a longer tolling period.[1]

Accordingly it is hereby

**ORDERED** that the R&R (Dkt. No. 5) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Lawler's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Order to Lawler in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

November 19, 2019
Albany, New York

Gary L. Sharpe
U.S. District Judge

---

[1] New York law appears to provide for a longer tolling period of six months. *See* N.Y. C.P.L.R. 205(a).